TIMOTHY COURCHAINE
United States Attorney
District of Arizona

PATRICK E. CHAPMAN
Assistant United States Attorney
Arizona State Bar No. 025407
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone:  602-514-7500
Email: Patrick.Chapman@usdoj.gov
Attorneys for Plaintiff

```
     ✓ FILED      ___ LODGED
     ___ RECEIVED ___ COPY

        AUG 0 5 2025

   CLERK U S DISTRICT COURT
    DISTRICT OF ARIZONA
   BY_____ 14(1 _____ Z DEPUTY
```

REDACTED FOR
PUBLIC DISCLOSURE

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No.   CR-25-01105-PHX-DWL (JZB) |
| Plaintiff, | **INDICTMENT** |
| vs. | VIO:  18 U.S.C. § 371 |
| 1.  Brayhan Jonathan Carrillo-Bernal, (Counts 1, 6–9) | (Conspiracy) Count 1 |
| 2.  Juan Erasmo Carrillo-Bernal, (Counts 1–5) | 18 U.S.C. §§ 922(a)(6), 924(a)(2), & 2 (Material False Statement During the Purchase of a Firearm, Aid and Abet) Counts 2–9 |
| 3.  Jayden Carlos Quidera, (Count 1) | 18 U.S.C. §§ 924(d) and 981, 21 U.S.C. §§ 853 and 881; and 28 U.S.C. § 2461(c) (Forfeiture Allegation) |
| 4.  Jennifer Bazan Dominguez, (Counts 1–5) | |
| 5.  Ray Leal, (Counts 1, 6–8) | |
| 6.  Hector Valenzuela, (Counts 1 and 9) | |
| Defendants. | |

**THE GRAND JURY CHARGES:**

## COUNT 1

Between on or about November 26, 2023 and continuing through on or about September 11, 2024, in the District of Arizona, Defendants, BRAYHAN JONATHAN CARRILLO-BERNAL, JUAN ERASMO CARRILLO-BERNAL, JAYDEN CARLOS QUIDERA, JENNIFER BAZAN DOMINGUEZ, RAY LEAL, HECTOR VALENZUELA, and others known and unknown to the Grand Jury, did knowingly and intentionally agree, combine, confederate, and conspire to commit offenses against the United States, that is: in connection with the acquisition of a firearm(s) from a dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, to knowingly make a false and fictious written statement to the dealer of firearm, which statement was intended and likely to deceive the dealer of firearms as to a fact material to the lawfulness of such sale, in that the purchaser of the firearm(s) stated that he/she was the actual transferee/buyer of the firearm when in fact he/she was acquiring the firearm on behalf of another person, in violation of Title 18, United States Code, Sections 922(a)(6), 924(a)(2).

### The Means and Method of the Conspiracy

The means and methods employed by Defendants and co-conspirators to carry out the conspiracy and effect its unlawful objects are as follows:

a. Since at least November 2023 and continuing through September 2024, Defendants, BRAYHAN JONATHAN CARRILLO-BERNAL and JUAN ERASMO CARRILLO-BERNAL, solicited the straw purchase of firearms from various Federal Firearm Licensees ("FFLs") in Maricopa County, Arizona.

b. Defendants procured the straw-purchased firearms through monetary payments.

c. Typically, Defendants, BRAYHAN JONATHAN CARRILLO-BERNAL and JUAN ERASMO CARRILLO-BERNAL, would contact straw-purchasing Defendants, JENNIFER BAZAN DOMINGUEZ, RAY LEAL, HECTOR VALENZUELA, and other unindicted co-conspirators through a messaging application to solicit a straw purchase. The messages generally contained the types of firearms Defendants, BRAYHAN JONATHAN CARRILLO-BERNAL and JUAN ERASMO CARRILLO-BERNAL, were seeking.

d. Upon agreement, Defendants, BRAYHAN JONATHAN CARRILLO-BERNAL and JUAN ERASMO CARRILLO-BERNAL, would arrange transportation for the straw-purchasing Defendants to the FFL to complete the purchase. The straw-purchasing Defendants would then enter the FFL, purchase firearms, and later transfer them to Defendants, BRAYHAN JONATHAN CARRILLO-BERNAL and JUAN ERASMO CARRILLO-BERNAL, in exchange for payment.

**Overt Acts**

In furtherance of the conspiracy, and to effect the objects of the conspiracy, Defendants and co-conspirators committed, or caused to be committed, the following overt acts, among others, described below:

a. On November 26, 2023, Defendant, JUAN ERASMO CARRILLO-BERNAL, using the Facebook account Totti Carrillo, messaged Defendant, JENNIFER BAZAN DOMINGUEZ, to solicit the straw purchase of firearms.

b. On November 27, 2024, Defendant, JUAN ERASMO CARRILLO-BERNAL, using the Facebook account Totti Carrillo, explained the process of straw purchasing firearms to Defendant, JENNIFER BAZAN DOMINGUEZ. Defendant, JUAN ERASMO CARRILLO-BERNAL, stated, "well be taking out aks n shii ill give you the bread for em n the bread for taking em out[.]" Later, Defendant, JUAN ERASMO CARRILLO-BERNAL, said, "you dont gotta put in no bread ima be giving you bread for the guns you take out yfm[.]"

c. From December 2023 through February 2024, Defendant, JUAN ERASMO CARRILLO-BERNAL, continued to ask Defendant, JENNIFER BAZAN DOMINGUEZ, to purchase firearms on his behalf.

d. On February 22, 2024, Defendant, JUAN ERASMO CARRILLO-BERNAL, messaged Defendant, JENNIFER BAZAN DOMINGUEZ, "can you today?" This was a request for Defendant, JENNIFER BAZAN DOMINGUEZ, to purchase firearms. Defendant, JENNIFER BAZAN DOMINGUEZ, agreed, and Defendant, JUAN ERASMO CARRILLO-BERNAL, arranged for transportation to the FFLs.

e. On or about February 22, 2024, Defendant, JENNIFER BAZAN DOMINGUEZ, purchased three Century Arms, VSKA rifles from FFL HB Tactical, and three Century Arms, VSKA rifles from FFL Arizona State Armory. Defendant, JUAN ERASMO CARRILLO-BERNAL, asked, "you got 6 ?" Defendant, JENNIFER BAZAN DOMINGUEZ, replied, "Yuhh[.]"

f. On or about February 22, 2024, during the purchase of three Century Arms, VSKA rifles, from FFL HB Tactical, Defendant, JENNIFER BAZAN DOMINGUEZ, completed a Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, Firearms Transaction Record, containing statements or representations that she knew to be false.

g. On or about February 22, 2024, during the purchase of three Century Arms, VSKA rifles, from FFL Arizona State Armory, Defendant, JENNIFER BAZAN DOMINGUEZ, completed a Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, Firearms Transaction Record, containing statements or representations that she knew to be false.

h. In early-March 2024, Defendant, JUAN ERASMO CARRILLO-BERNAL, messaged Defendant, JENNIFER BAZAN DOMINGUEZ, to solicit the straw purchase of a .50 caliber rifle.

i. On March 16, 2024, Defendants, JUAN ERASMO CARRILLO-BERNAL and JENNIFER BAZAN DOMINGUEZ, agreed to conduct the purchase the following day, on Sunday, March 17, 2024. Defendant, JUAN ERASMO CARRILLO-BERNAL, told Defendant, JENNIFER BAZAN DOMINGUEZ, "you not goin do a lot" and "he knows what you going for so it gon be quick[.]" Thereafter, Defendant, JUAN ERASMO CARRILLO-BERNAL, arranged for transportation for Defendant, JENNIFER BAZAN DOMINGUEZ, to FFL HB Tactical.

j. On March 17, 2024, Defendant, JENNIFER BAZAN DOMINGUEZ, purchased one Ohio Ordnance, M2-SLR, .50 caliber rifle from FFL HB Tactical.

k. On or about March 17, 2024, during the purchase of an Ohio Ordnance M2-SLR,

- 4 -

.50 caliber rifle from FFL HB Tactical, Defendant, JENNIFER BAZAN DOMINGUEZ, completed a Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, Firearms Transaction Record, containing statements or representations that she knew to be false.

l.   On March 21, 2024, Defendant, BRAYHAN JONATHAN CARRILLO-BERNAL, who was using the Facebook account "El B Ocho," communicated with Defendant, JAYDEN CARLOS QUIDERA, who was using the Facebook account "Juan Gonzalez." The communications appeared to relate to Defendant, JAYDEN CARLOS QUIDERA, providing transportation to an unindicted co-conspirator to an FFL to purchase a firearm.

m. Defendant, JAYDEN CARLOS QUIDERA, messaged, "I just picked him up," and later, that they were filling out papers and almost finished. Defendant, JAYDEN CARLOS QUIDERA, messaged Defendant, JUAN ERASMO CARRILLO-BERNAL, "Still need to count up the bread," referring to counting money.

n.   On March 21, 2024, an unindicted co-conspirator purchased one Ohio Ordnance, M2, .50 caliber rifle from FFL HB Tactical.

o.   On May 10, 2024, Defendant, JUAN ERASMO CARRILLO-BERNAL, messaged Defendant, JENNIFER BAZAN DOMINGUEZ, "yoo you gon do the play gang?" This referred to Defendant, JENNIFER BAZAN DOMINGUEZ, straw purchasing firearms for Defendant, JUAN ERASMO CARRILLO-BERNAL. Defendant, JENNIFER BAZAN DOMINGUEZ, agreed, and Defendant, BRAYHAN JONATHAN CARRILLO-BERNAL, arranged for transportation to the FFL with Defendant, JAYDEN CARLOS QUIDERA.

p.   Defendant, BRAYHAN JONATHAN CARRILLO-BERNAL, provided Defendant, JAYDEN CARLOS QUIDERA, with Defendant, JENNIFER BAZAN DOMINGUEZ's, home address to pick her up and take her to the FFL. Defendant, JAYDEN CARLOS QUIDERA, agreed and told Defendant, BRAYHAN JONATHAN CARRILLO-BERNAL, "Be there in 3 mins[.]" Defendant, JAYDEN CARLOS QUIDERA, confirmed he was at the FFL and "She putting em in the truck," referring to Defendant, JENNIFER

BAZAN DOMINGUEZ, putting the purchased firearms in the vehicle.

q.  On May 10, 2024, Defendant, JENNIFER BAZAN DOMINGUEZ, purchased three Century Arms, VSKA rifles from FFL Arizona State Armory.

r.  On or about May 10, 2024, during the purchase of three Century Arms VSKA rifles from FFL Arizona State Armory, Defendant, JENNIFER BAZAN DOMINGUEZ, completed a Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, Firearms Transaction Record, containing statements or representations that she knew to be false.

s.  Following the straw purchase, Defendant, BRAYHAN JONATHAN CARRILLO-BERNAL, messaged Defendant, JAYDEN CARLOS QUIDERA, "Tell her pa finna come back n pay her," referring to payment for Defendant, JENNIFER BAZAN DOMINGUEZ.

t.  On July 19, 2024, Defendant, BRAYHAN JONATHAN CARRILLO-BERNAL, messaged Defendant, HECTOR VALENZUELA, who was using a Facebook account in his name. Defendant, BRAYHAN JONATHAN CARRILLO-BERNAL, asked Defendant, HECTOR VALENZUELA, to straw purchase firearms for him, stating, "Lmk they ready we just gotta scoop em its 2pistols n a ak[.]" Defendant, HECTOR VALENZUELA, agreed and Defendant, BRAYHAN JONATHAN CARRILLO-BERNAL, asked for his address.

u.  On July 19, 2024, Defendant, HECTOR VALENZUELA, purchased one Smith & Wesson pistol, one Springfield Armory pistol, and one Century Arms VSKA rifle from FFL Arizona State Armory.

v.  On or about July 19, 2024, during the purchase of one Smith & Wesson pistol, one Springfield Armory pistol, and one Century Arms VSKA rifle from FFL Arizona State Armory, Defendant, HECTOR VALENZUELA, completed a Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, Firearms Transaction Record, containing statements or representations that he knew to be false.

w.  On August 17, 2024, Defendant, BRAYHAN JONATHAN CARRILLO-BERNAL, messaged Defendant, RAY LEAL, soliciting the straw purchase of two Glock firearms. Defendant, RAY LEAL, later asked for higher payment and Defendant, BRAYHAN

JONATHAN CARRILLO-BERNAL, responded that he (Defendant, BRAYHAN JONATHAN CARRILLO-BERNAL) was doing the work and all Defendant, RAY LEAL, was doing was filling out paperwork and grabbing the firearms. The two coordinated the purchase for August 20, 2024 at Arizona State Armory.

x. On August 20, 2024, Defendant, RAY LEAL, purchased a Glock 30 and Glock 26 from FFL Arizona State Armory.

y. On or about August 20, 2024, during the purchase of a Glock 30 and a Glock 26 from FFL Arizona State Armory, Defendant, RAY LEAL, completed a Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, Firearms Transaction Record, containing statements or representations that he knew to be false.

z. On August 24, 2024, Defendant, BRAYHAN JONATHAN CARRILLO-BERNAL, sent Defendant, RAY LEAL, a message to forward to an FFL asking for a Glock 30 and Glock 19x. The two eventually scheduled the straw purchase for August 27, 2024 at Arizona State Armory. On that date, Defendant, RAY LEAL, asked Defendant, BRAYHAN JONATHAN CARRILLO-BERNAL, if he was coming and Defendant, BRAYHAN JONATHAN CARRILLO-BERNAL, confirmed.

aa. On August 27, 2024, Defendant, RAY LEAL, purchased one Glock 30 and one Smith and Wesson M&P 40 from FFL Arizona State Armory.

bb. On or about August 27, 2024, Defendant, RAY LEAL, during the purchase of a Glock 30 and a Smith and Wesson M&P 40 from FFL Arizona State Armory, completed a Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, Firearms Transaction Record, containing statements or representations that he knew to be false.

cc. On September 7, 2024, Defendant, BRAYHAN JONATHAN CARRILLO-BERNAL, sent Defendant, RAY LEAL, another message to forward to an FFL, inquiring about available firearms. Later, Defendant, BRAYHAN JONATHAN CARRILLO-BERNAL, instructed Defendant, RAY LEAL, to message the FFL, "Im just looking for the standard 19xs[.]"

dd. On September 11, 2024, Defendant, RAY LEAL, purchased two Glock 19x pistols from FFL Arizona State Armory.

ee. On or about September 11, 2024, Defendant, RAY LEAL, during the purchase of two Glock 19x pistols from FFL Arizona State Armory, completed a Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, Firearms Transaction Record, containing statements or representations that he knew to be false.

All in violation of Title 18, United States Code, Section 371.

## COUNTS 2 – 5

On or about the dates listed below, in the District of Arizona, Defendant, JENNIFER BAZAN DOMINGUEZ, knowingly made false statements and representations in connection with the acquisition of a firearm to the businesses listed below, which were intended and likely to deceive the businesses as to a fact material to the lawfulness of a sale of a firearm by the business, each of which was licensed under the provisions of Chapter 44 of Title 18, United States Code, with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of each listed business, in that Defendant, JENNIFER BAZAN DOMINGUEZ, did execute a Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, Firearms Transaction Record, in each of the counts below stating she was the actual transferee/buyer, whereas in truth and fact, she was purchasing the firearms on behalf of Defendant, JUAN ERASMO CARRILLO-BERNAL:

| Count | Date | Business (Location) |
|-------|------|---------------------|
| 2 | 2/22/2024 | HB Tactical (Phoenix) |
| 3 | 2/22/2024 | Arizona State Armory (Phoenix) |
| 4 | 3/17/2024 | HB Tactical (Phoenix) |
| 5 | 5/10/2024 | Arizona State Armory (Phoenix) |

- 8 -

In violation of Title 18, United States Code, Sections 922(a)(6), 924(a)(2), and 2.

## COUNTS 6 – 8

On or about the dates listed below, in the District of Arizona, Defendant, RAY LEAL, knowingly made false statements and representations in connection with the acquisition of a firearm to the businesses listed below, which were intended and likely to deceive the businesses as to a fact material to the lawfulness of a sale of a firearm by the business, each of which was licensed under the provisions of Chapter 44 of Title 18, United States Code, with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of each listed business, in that Defendant, RAY LEAL, did execute a Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, Firearms Transaction Record, in each of the counts below stating he was the actual transferee/buyer, whereas in truth and fact, he was purchasing the firearms on behalf of Defendant, BRAYHAN JONATHAN CARRILLO-BERNAL:

| Count | Date | Business (Location) |
|---|---|---|
| 6 | 8/20/2024 | Arizona State Armory (Phoenix) |
| 7 | 8/27/2024 | Arizona State Armory (Phoenix) |
| 8 | 9/11/2024 | Arizona State Armory (Phoenix) |

In violation of Title 18, United States Code, Sections 922(a)(6), 924(a)(2), and 2.

## COUNT 9

On or about the date listed below, in the District of Arizona, Defendant, HECTOR VALENZUELA, knowingly made a false statement and representation in connection with the acquisition of a firearm to the business listed below, which was intended and likely to deceive the business as to a fact material to the lawfulness of a sale of a firearm by the business, which was licensed under the provisions of Chapter 44 of Title 18, United States

- 9 -

Code, with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of the listed business, in that Defendant, HECTOR VALENZUELA, did execute a Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, Firearms Transaction Record, in the count below stating he was the actual transferee/buyer, whereas in truth and fact, he was purchasing the firearms on behalf of Defendant, BRAYHAN JONATHAN CARRILLO-BERNAL:

| Count | Date | Business (Location) |
|-------|------|---------------------|
| 9 | 7/19/2024 | Arizona State Armory (Phoenix) |

In violation of Title 18, United States Code, Sections 922(a)(6), 924(a)(2), and 2.

## FORFEITURE ALLEGATION

The Grand Jury realleges and incorporates the allegations in Counts 1–9 of this Indictment, which are incorporated by reference as though fully set forth herein.

Pursuant to Title 18, United States Code, Sections 924(d) and 981, Title 21, United States Code, Sections 853 and 881, and Title 28, United States Code, Section 2461(c), and upon conviction of the offenses alleged in Counts 1–9 of this Indictment, the defendants shall forfeit to the United States of America all right, title, and interest in (a) any property constituting, or derived from, any proceeds the persons obtained, directly or indirectly, as the result of the offenses, and (b) any of the defendants' property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offenses as to which property the defendants are liable. If any forfeitable property, as a result of any act or omission of the defendant:

(1) cannot be located upon the exercise of due diligence,

(2) has been transferred or sold to, or deposited with, a third party,

(3) has been placed beyond the jurisdiction of the court,

(4) has been substantially diminished in value, or

(5) has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States to seek forfeiture of any other property of said defendants up to the value of the above-described forfeitable property, pursuant to Title 21, United States Code, Section 853(p).

All in accordance with Title 18, United States Code, Sections 924(d) and 981, Title 21, United States Code, Sections 853 and 881, and Title 28, United States Code, Section 2461(c), and Rule 32.2, Federal Rules of Criminal Procedure.

A TRUE BILL

*s/*
FOREPERSON OF THE GRAND JURY
Date: August 5, 2025

TIMOTHY COURCHAINE
United States Attorney
District of Arizona

*s/*
PATRICK E. CHAPMAN
Assistant U.S. Attorney

- 11 -